**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DAVID L. LEO,

                     Plaintiff,

v.                                        CIVIL ACTION NO.  2:10-cv-00534

BEAM TEAM INC., et al.,

                     Defendants.

**MEMORANDUM OPINION AND ORDER**

       Pending before the Court is Plaintiff's Motion to Remand [Docket 7].  For the reasons stated herein, Plaintiffs' Motion is **DENIED**.

*I.  BACKGROUND*

       This case arises from the allegedly unlawful actions of Defendants Beam Team, Inc. ("Beam Team") and Home Depot, U.S.A., Inc. ("Home Depot") in negligently failing to provide the plaintiff with a reasonably safe working environment.  Plaintiff David L. Leo alleges in the complaint that he was severely injured when he fell from a ladder while employed by Beam Team and working in a Home Depot store located in Kanawha County, West Virginia.  In the complaint, Plaintiff alleges that Beam Team is liable for his damages and precluded from utilizing certain defenses because it failed to procure worker's compensation coverage as required by West Virginia law.  Defendant Beam Team maintains that it was not required to maintain worker's compensation coverage in West Virginia.

On March 16, 2010, Plaintiff filed a complaint in the Circuit Court of Kanahwa County, West Virginia. Defendants removed Plaintiff's action on April 21, 2010, citing diversity jurisdiction as the sole grounds for removal. 28 U.S.C. §§ 1332, 1441. According to the notice of removal, Plaintiff resides in West Virginia, while Defendant Beam Team is a Georgia corporation with its principal place of business in Georgia, and Defendant Home Depot is a Delaware corporation with its principal place of business in Georgia. Plaintiff filed a motion to remand on May 21, 2010, arguing that removal is precluded because his action "arise[s] under" the West Virginia Worker's Compensation Act. Defendants responded that Plaintiff's causes of action are common law claims for damages and thus freely removable. Plaintiff did not file a reply.

## II. DISCUSSION

### A. Legal Standard and Applicable Law

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of showing that federal jurisdiction exists. *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 280 (4th Cir. 2003); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09

2

(1941); *Mulcahey*, 29 F.3d at 148; *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951)).

Pursuant to 28 U.S.C. § 1445, certain actions are simply "nonremovable" despite the satisfaction of the requirements set forth in 28 U.S.C. §§ 1332 and 1441.  Notably, 28 U.S.C. 1445(c) bars removal of  "[a] civil action in any State court arising under the workmen's compensation laws of such state."  To ascertain if a particular cause of action "aris[es] under the workmen's compensation laws" of West Virginia, a court must look to federal, not state, law. *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995) (citing *Grubbs v. General Elec. Credit. Corp.*, 405 U.S. 699, 705 (1972)). In *Arthur*, the Fourth Circuit concluded that the meaning of "workmen's compensation laws," as intended by Congress when § 1445(c) was enacted in 1958, is "a statutorily created insurance system that allows employees to receive fixed benefits, without regard to fault, for work-related injuries."  *Id.*

Like all worker's compensation statutes, the West Virginia Worker's Compensation Act ("WVWCA") immunizes covered employers from employee suits for damages resulting from work-related injuries. W. Va. Code § 23-2-6.  However, that immunity is not absolute, and "an employer in default of its obligations under the Act may not only be subjected to a suit for damages resulting from the employer's negligence, but may also be prohibited from exercising certain common-law defenses." *Erie Ins. Property & Cas. Co. v. Stage Show Pizza, JTS, Inc.*, 553 S.E.2d 257, 264 (W. Va. 2001).  The pertinent section of the WVWCA states:

> All employers required by this chapter to subscribe to and pay premiums into the worker's compensation fund . . . and who do not subscribe to and pay premiums into the workers' compensation fund as required . . . shall be liable to their employees . . . for all damages suffered by reason of personal injuries sustained in the course of employment by the wrongful act, neglect or default of the employer or any of the employer's officers, agents, or employees while acting within the scope of their

3

employment and in the course of their employment . . . such defendant shall not avail himself of the following common-law defenses: The defense of fellow servant rule; the defense of the assumption of risk; or the defense of contributory negligence; and further shall not avail himself of any defense that the negligence in question was that of someone whose duties are prescribed by statute[.]

W. Va. Code § 23-2-8.

### B. Removability of Plaintiff's Claims

This action was removed pursuant to 28 U.S.C. §§ 1332 and 1441, and Plaintiff does not dispute that diversity of citizenship exists or that his lawsuit satisfies the amount-in-controversy requirement.  The only issue raised by Plaintiff's motion to remand is whether his claims "arise[] under" the worker's compensation laws of West Virginia and are thus nonremovable under 28 U.S.C. § 1445(c).  Beam Team and Home Depot argue that Plaintiff's claims are independent, common law torts and have thus been properly removed.

Plaintiff's complaint contains five counts.  In the first count, Plaintiff alleges that Defendant Beam Team is in default of its obligations under the WVWCA and is thus stripped of any statutory immunity and precluded from asserting certain common law defenses. W. Va. Code § 23-2-8.  Plaintiff goes on to state a cause of action based entirely upon the alleged negligence of Defendant Beam Team.  The second and third counts simply allege negligence against Defendants Beam Team and Home Depot respectively, with no mention of the WVWCA.  The fourth count alleges that, as Defendant Beam Team failed to secure coverage under the WVWCA, it is liable for the benefits Plaintiff would have otherwise received.[1]  The fifth count alleges that Defendant Beam Team is

---

[1] To the extent that this count alleges that Defendant Beam Team is liable for the "benefits plaintiff would have received had it complied with workers compensation laws," (Docket 1-1 at 6), the Court is unclear as to whether this states a valid cause of action.  *See* W. Va. Code. § 23-2-5(g) ("[N]o employee of an employer required by this chapter to subscribe to the workers' compensation fund (continued...)

liable for punitive damages.

Plaintiff argues that his claims involve the disputed question of whether Defendant Beam Team was required to subscribe to the WVWCA and should thus be denied certain defenses pursuant to W. Va. Code § 23-2-8. He alleges that this issue is "central to the meaning and interpretation of the West Virginia workers compensation law . . . and should not be removable." (Docket 7 at 6.) Defendant Beam Team responds that Plaintiff's claims, if proven to be true, simply result in a "common law negligence claim . . . where Beam Team is stripped of certain common law defenses." (Docket 8 at 3.) Defendant Beam Team argues that W. Va. Code § 23-2-8 merely provides for "a re-institution of the common law system once an employer has failed to comply with any applicable workers compensation laws," and should thus not preclude removal under 28 U.S.C. § 1445(c). (*Id*. at 4.)

The Fourth Circuit has never squarely addressed the issue of whether a negligence cause of action against a defaulting employer "arise[s] under" the WVWCA for the purposes of 28 U.S.C. § 1445(c). Moreover, the parties have not identified, and the Court has been unable to find, any district court decisions in this circuit that are directly on point.[2] Notably, however, there is more

---

[1](...continued)
shall be denied benefits provided by this chapter because the employer failed to subscribe or because the employer's account is either delinquent or in default."). To the extent that it does, it appears to simply be a claim for a specific calculation of damages pursuant to the negligence claim outlined in Count One. Accordingly, the Court will not dwell on this count in analyzing Plaintiff's motion to remand.

[2] The only pertinent discussion of this issue in the context of § 1445(c) that the Court was able to locate hails from several conflicting Texas district court decisions interpreting an arguably similar provision of the Texas Workers' Compensation Act ("TWCA"), which also allows for employee negligence claims and strips certain defenses from a nonsubscribing employer. *Compare Morris v. Home Depot*, No. 3:10-cv-2289-B, 2011 WL 711047, at *3 (N.D. Tex. Feb. 28, 2011) (employee's
(continued...)

than one way for a covered employer to lose the statutory immunity provided by the WVWCA.  In addition to the loss of immunity that occurs when an employer defaults in its WVWCA obligations found in W. Va. Code § 23-2-8, in what is commonly known as a *Mandolidis* claim, an employer can also be held liable in a suit for damages for acting with "deliberate intention" to produce the injury or death of the employee.  W. Va. Code § 23-4-2(c)(2).  In the seminal decision in this circuit concerning the application of 28 U.S.C. § 1445(c), the Fourth Circuit held the latter claim to be removable.  *Arthur*, 58 F.3d at 128.

In *Arthur*, the Fourth Circuit pointed to several decisions of the Supreme Court of Appeals of West Virginia in support of the proposition that the *Mandolidis* claim had "always been considered a creature of the common law."  *Arthur*, 58 F.3d at 127 (citing *Brewer v. Appalachian Constructors, Inc.*, 65 S.E.2d 87, 92 (W. Va. 1951), and *Mandolidis v. Elkins Industries, Inc*. 246 S.E. 2d 907, 913-14 (1978)).  Although the claim had been codified in the WVWCA, the court held that the statutory section "simply serves to circumscribe the common law *Mandolidis* claim.  It does

---

[2](...continued)
negligence claims against a nonsubscribing employer arise under common law and are removable), *Pyle v. Beverly Enters.-Tex., Inc*., 826 F. Supp. 206, 209 (N.D. Tex. 1993) (same), *and Eurine v. Wyatt Cafeterias, Inc*., No. 3-91-0408-H, 1991 WL 207468, at *1-2 (N.D. Tex Aug. 21, 1991) (same, noting that "[a] cause of action does not arise under workers' compensation laws merely because the worker's compensation statute deprives the defendant of certain defenses to the cause of action"), *with Figueroa v. Healthmark Partners*, 125 F. Supp.2d 209, 211-12 (S.D. Tex 2000) (such claims are nonremovable), *Smith v. Tubal-Cain Indus., Inc*., 196 F. Supp.2d 421, 423 (E.D. Tex. 2001) (same), *and Dean v. Tex. Steel Co.*, 837 F. Supp.212, 214 (N.D. Tex. 1993) (same). Given the Fifth Circuit's declination to expressly resolve the ongoing debate and the limited comparisons that can be drawn between the TWCA and the WVWCA, these cases are of little value to the Court, except perhaps as an indicator of a current trend towards a finding of removability.  *See Amer. Intern. Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558, 569 (5th Cir. 2010) (refusing to "comment on whether the TWCA's mere 'contemplat[ion]' of a cause of action provides sufficient justification to deny removal under section 1445(c)," but noting that "*Figueroa, Smith,* and *Dean* derive their respective holdings, at least in part, from a misreading" of relevant precedent); *see also Morris,* 2011 WL 711047, at *3 (utilizing dicta in *Rentech* to justify a finding that negligence claims against nonsubscribing employers are removable).

not change the fundamental character of the claim, which is still preserved in West Virginia's common law tort system." *Arthur*, 58 F.3d at 127. The court stressed that a *Mandolidis* claim did not contain any of the "administrative, no-fault characteristics" typically associated with worker's compensation: "[the] claim is filed in the courts, issues of fault are litigated, and there are no statutory limits on the type or amount of compensatory damages." *Id*. Noting that the *Mandolidis* claim was also not "integrally related to the operation of West Virginia's workers' compensation system" and did not "protect or enhance the ability of workers to obtain . . . fixed benefits without regard to fault for workplace injuries," the court concluded that it did not "arise under 'workmen's compensation laws'" and could properly be removed to federal court. *Id.* at 127-28.

Here, as in *Arthur*, the Court must determine whether W. Va. Code § 23-2-8 is appropriately considered  as a part of "a statutorily created insurance system that allows employees to receive fixed benefits, without regard to fault, for work-related injuries." *Id*. at 125, 127 (defining the relevant question as whether the law in question "is a 'workmen's compensation law[]' as contemplated by 28 U.S.C. § 1445(c)"). Importantly, Plaintiff's negligence claim is not statutorily created by the WVWCA. As described by the Supreme Court of Appeals, "W. Va. Code § 23-2-8 specifically *reserves* to the plaintiff a *common-law* negligence cause of action." *Stage Show Pizza*, 553 S.E.2d at 264 (emphasis added). The cause of action retained by an employee pursuant to this section is virtually unchanged from the ordinary negligence action provided by West Virginia common law; the only difference lies in the employer's inability to assert certain common-law defenses. S*ee Stage Show Pizza*, 553 S.E.2d at 264-65 (characterizing these claims as "attempts to recover common-law damages through a common-law negligence action"); *see also Zinn v. Cabot*, 106 S.E. 427, 428 (W. Va. 1921). Moreover, like a *Mandolidis* claim, a negligence claim against

7

a defaulting employer does not contain any of the "administrative, no-fault characteristics associated with a workers compensation claim." *Arthur*, 58 F.3d at 127.  A negligence action brought pursuant to this section "is filed in the courts, issues of fault are litigated, and there are no statutory limits on the amount or type of compensatory damages." *Id*.

A more difficult question is presented, however, in deciding whether a suit presented pursuant to W. Va. Code § 23-2-8 "protect[s] or enhance[s] the ability of workers to obtain . . . fixed benefits without regard to fault for workplace injuries" to the point that it becomes "integrally related to the operation of West Virginia's workers' compensation system." *Id*.  This Court, in accordance with other district courts in West Virginia, has utilized this language in *Arthur* to hold that a cause of action for retaliatory discharge in violation of W. Va. Code. § 23-5A-1 is nonremovable because it is "integrally related to [the WVWCA and . . . protects and enhances the ability of workers to obtain compensation benefits."  *Hamilton v. Peachtree Mining Co. et al*, 5:06-cv-00571 (S.D. W. Va. Dec. 19, 2006); *see also Thorne v. WLR Foods, Inc*., 111 F. Supp. 2d 744, 747-48 (N.D. W. Va. 2000).  However, the Court believes such claims are distinguishable from the one at bar.

Unlike causes of action for retaliatory discharge, which "insure[] that those seeking compensation benefits are not scared out of making claims," *Arthur*, 58 F.3d at 128, and "enable[] injured workers to exercise their rights" to compensation, *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991),  negligence actions brought pursuant to W. Va. Code § 23-2-8 have, at best, an abstract impact on the administration of no-fault benefits for workplace injuries.  Although W. Va. Code § 23-2-8 certainly serves as an "incentive to encourage compliance" with the

WVWCA,[3] a proper claimant is almost invariably "entitled to recover benefits from the Fund regardless of the employer's status with the Fund." *State ex rel. Frazier v. Hrko*, 510 S.E.2d 486, 493 (W. Va. 1998); *see also* W. Va. Code. § 23-2-5(g) ("[N]o employee of an employer required by this chapter to subscribe to the workers' compensation fund shall be denied benefits provided by this chapter because the employer failed to subscribe or because the employer's account is either delinquent or in default.").[4]  In short, like *Mandolidis* claims, common law negligence claims brought pursuant to W. Va. Code § 23-2-8 have "no relationship to providing no-fault benefits" and are not "integrally related to the just and smooth operation of the worker's compensation benefits system," and as such do not arise from a "workmen's compensation law" as that phrase was understood in 1958. *Arthur*, 58 F.3d at 128.

As a closing comment on this issue, and although the Court is certainly not bound by this analysis, it is also noteworthy that the West Virginia Supreme Court of Appeals, after adopting *Arthur*'s definition of a "workmen's compensation law," explicitly stated that it "d[id] not believe that such a negligence cause of action, merely because it is *permitted* as a result of [the employer's] defaulting on its obligations to the workers' compensation fund, is a cause of action *arising under* West Virginia's Workers Compensation Act." *Stage Show Pizza*, 553 S.E.2d at 263, 265 (emphasis added) (conducting an analysis in the context of private insurance coverage).  Plaintiff's claim is, at its core, a simple negligence action grounded in the common law.  The allowance of the claim

---

[3] W. Va. Code § 23-2-8 is not even an employer's strongest incentive for compliance; the West Virginia  legislature enacted felony criminal penalties for any employer who willfully and knowingly fails to subscribe or pay premiums under the WVWCA. *See* W. Va. Code § 61-3-24(e).

[4] The only exception to this rule is contained in W. Va. Code. § 23-2-1(h), which outlines the circumstances in which partners, proprietors, and corporate or executive officers are excluded from obtaining compensation from the Fund if the employer is in default.

pursuant to W. Va. Code § 23-2-8  "does not change the fundamental character of the claim, which is still preserved in West Virginia's common law tort system." *Arthur*, 58 F.3d at 127.

### III. CONCLUSION

For the above-mentioned reasons, Plaintiff's Motion to Remand [Docket 7] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       March 31, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE