IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID L. LEO,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:10-cv-00534

BEAM TEAM INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Beam Team, Inc.'s motion for partial summary judgment[1] [Docket 44]. For the reasons stated herein, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART.** The Court **DENIES** Defendant Beam Team's motion to dismiss Count One and Count Four and **GRANTS** its motion to dismiss Count Five.

*I. BACKGROUND*

In March 2010, Plaintiff David L. Leo sued Defendants Beam Team, Inc. and Home Depot, U.S.A., Inc. in state court alleging negligence claims relating to his workplace injury. Plaintiff was employed by Defendant Beam Team, a merchandise display company that installs retail displays and shelving in retail stores . Plaintiff alleged in his Complaint that he fell from a ladder when he was removing a merchandise display in a Home Depot store located in Kanawha County, West Virginia.

---

[1] Defendant Beam Team's motion for summary judgment violates Local Rule 7.1 because Defendant failed to file an accompanying memorandum in support of the motion. Counsel for Defendant Beam Team is **DIRECTED** to file a memorandum within ten days of entry of this Order setting forth its explanation for why it failed to comply with this rule.

Plaintiff claims that Beam Team and Home Depot are liable for compensatory and punitive damages.

Defendant Home Depot removed this case to federal court in April 2010. (Docket 1.) On August 18, 2011, Defendant Beam Team filed its motion for partial summary judgment [Docket 44]. In support of its motion Defendant Beam Team contends that it is entitled to summary judgment on Counts One, Four and Five because they fail to state causes of action. (Docket 44.)

On February 15, 2012, Plaintiff filed his response to Defendant Beam Team's motion for partial summary judgment. (Docket 66.) As a preliminary matter, Plaintiff contends that Defendant Beam Team's motion, although styled as a motion for partial summary judgment, is in substance a motion for dismissal because, rather than challenge the sufficiency Plaintiff's evidence, the motion "insists that the causes of action alleged in Counts I, IV and V do not exist." (Docket 66 at 6.) Additionally, Plaintiff argues that the Court should deny Beam Team's motion because: Count One is "seeking damages for common law negligence," a claim authorized by W. Va. Code § 23-2-8; Count Four seeks damages "for the recovery of workers compensation benefits" and, where Plaintiff has alleged that Defendant violated a West Virginia statute by failing to purchase workers' compensation insurance coverage, West Virginia Code § 55-7-9 authorizes a cause of action; and Count Five seeks punitive damages because Defendant Beam Team's violation of West Virginia's workers' compensation laws was willful and that its conduct resulted in denial of Plaintiff's workers' compensation benefits. Defendant Beam Team has not filed a reply.

## II. APPLICABLE LEGAL STANDARDS

The Federal Rules of Civil Procedure govern civil actions that are removed from state court. F. R. Civ. P. 81(c). In a diversity action, state law of the forum court governs substantive issues, and federal law governs procedural issues. *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir.2002).

The drafters of the original Federal Rules of Civil Procedure rejected technical pleading requirements and instead sought to ensure "that pleadings [would] be construed liberally so as to do substantial justice." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1202, at 87 (3d ed. 2004).

The pleading requirements in federal courts are modest. A pleading that states a claim for relief must, inter alia, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Allegations "must be simple, concise, and direct" and "no technical form is required." Fed. R. Civ. P. 8(d)(1). The question of whether a complaint is legally sufficient is measured by whether it meets the standards for a pleading stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

Allegations are "well-pleaded" if they meet the minimum pleading standards of Fed. R. Civ. P. 8, as construed by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp.2d 531, 544 (D. Md. 2011). A plaintiff must provide at least enough factual support to make her claims plausible and not merely speculative. *Iqbal*, 129 S.Ct. at 1937, 1949–50. A complaint offering "'naked assertion[s]' devoid of 'further factual enhancement' does not satisfy Rule 8's pleading standard." *Iqbal*, 129 S.Ct. at 1949. In *Iqbal*, the Supreme Court stated:

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic

>recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements.

*Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 266 (1986)).

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). While "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis*, 588 F.3d at 192 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1202 (3d ed. 2004)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not akin to a probability requirement, but does require a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Francis*, 588 F. 3d at 193 (quoting *Twombly*, 550 U.S. at 570). The standard requires the plaintiff to articulate facts, when accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. In other words, the factual allegations (taken as true) must "permit the court to infer more than the mere possibility of misconduct." *Id*. Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. (citing *Twombly*). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. While a court must accept the material facts alleged in the complaint as true, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal*,129 S.Ct. at 1940. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* (internal quotation marks omitted); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 256 (4th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*,129 S.Ct. at 1950.

In reviewing the sufficiency of a complaint a court may consider sources beyond the four corners of the complaint, including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" or sources "whose accuracy cannot reasonably be questioned." *Katyle v. Penn Nat. Gaming, Inc*., 637 F.3d 462, 466 (4th Cir. 2011) (citation omitted).

### III.  DISCUSSION

> A.  *Defendant Beam Team's motion for partial summary judgment shall be construed as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(c) and (h)*

Plaintiff contends that Defendant Beam Team's motion for partial summary judgment is a motion to dismiss in disguise. The Court agrees.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Here, Defendant Beam Team argues that Counts One, Four, and Five "fail to state a cause of action, and thus, Beam Team is entitled to judgment as a matter of law. . . ." (Docket 44 at 3.) This is not an argument that there is no genuine issue of material fact and that Beam Team is entitled to a judgment as a matter of law. Rather, it is squarely a contention that Plaintiff has failed to state a claim upon which relief may be granted. Defendant Beam Team filed its motion seeking dismissal of Counts One, Four and Five after it filed its Answer to the Complaint. Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failing to state a claim must be made prior to pleading; however, pursuant to Fed. R. Civ. P. 12(h) such claims may be brought under Fed. R. Civ. P. 12(c) after the close of pleadings. Accordingly, the Court construes Defendant Beam Team's motion as one brought pursuant to Fed. R. Civ. P. 12(c).

  B. *Defendant Beam Team's Motion to Dismiss Counts One, Four, and Five*

    1. *Count One*

Defendant Beam Team argues that the Court should dismiss Count One because it fails to state a claim. Plaintiff titled this claim "Negligence against Defendant Beam Predicated upon a Failure to Secure and Pay for Workers' Compensation Insurance." (Docket 1-1.) The claim alleges that Plaintiff was an employee of Defendant Beam Team within the meaning of W. Va. Code § 23-2-1, *et seq*.; that as a consequence of its failure to comply with West Virginia's workers' compensation statutory scheme, Defendant Beam is barred from raising the common law defenses enumerated in

6

W. Va. Codes §§ 23-4-2 and 23-2-8; and Defendant's liability arises from its negligence in failing to provide, among other things, adequate fall protection and safety equipment. Plaintiff concludes that Defendant Beam Team's failure to use reasonable care proximately caused injuries and damages to Plaintiff.

"To prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W.Va. 2004) (citing *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (1939)). The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law. Syl. pt. 5, *Aikens v. Debow*, 541 S.E.2d 576 (W. Va. 2000). State and federal law impose a statutory duty upon an employer to provide and to maintain the place of employment in a reasonably safe condition. W. Va. Code § 21-3-1; 29 U.S.C. §§ 652 and 654 (where employer is engaged in a business affecting commerce).

Construing Plaintiff's complaint liberally, his allegations state the essential elements of a negligence action and provide sufficient factual detail to plausibly demonstrate a claim for relief. Plaintiff alleges that he was the employee of Defendant Beam Team, that Defendant Beam Team required Plaintiff to climb atop shelving that was eight-to-ten feet from the floor, that Defendant Beam Team failed to adequately and properly secure the shelving, and it failed to provide Plaintiff with adequate fall protection. Consequently, Plaintiff suffered severe permanent injuries when the shelving gave way and he fell to the floor. Notwithstanding the inartful title of this Count, this claim, together with the factual detail provided in the prefatory paragraphs, satisfies Fed.R.Civ.P.8

and allows the Court to reasonably infer that "the defendant is liable for the misconduct alleged." *Iqbal*.

Accordingly, the Court **DENIES** Defendant Beam Team's motion to dismiss Count One.[2]

  2.  *Count Four*

Defendant Beam Team argues that Count Four of Plaintiff's Complaint fails to state a cause of action. Count Four, reincorporates all preceding paragraphs of the Complaint and then states that Defendant is "liable to the plaintiff for all benefits plaintiff would have received had it complied with West Virginia workers' compensation laws." (Docket 1-1, p. 8.) In a paragraph preceding Count Four, Plaintiff alleges that he applied for workers' compensation benefits, but his claim was denied. (*See* Docket 1-1, Paragraph 15.) Thus, Plaintiff's theory of liability on this Count appears to be that because Defendant failed to comply with the workers' compensation statute, it is responsible "for all benefits" that Plaintiff was entitled to under the statute but has not received.

This claim satisfies the minimal pleading standards under *Iqbal* and *Twombly*. Count Four reincorporates all of the preceding paragraphs of the Complaint, alleges that Defendant Beam Team was his employer, that Beam Team was required to subscribe to the workers' compensation fund and did not, that this failure "was the direct and proximate cause of the plaintiff's deprivation of compensation, benefits and medical treatment" for his injuries and, consequently, Defendant Beam Team is "liable to the plaintiff for all benefits plaintiff would have received had it [Defendant] complied with West Virginia workers' compensation laws." (Docket 1-1, p. 8). Under West Virginia law, a "violation of a statute is prima facie negligence and not negligence per se." *Spurlin v. Nardo*,

---

[2] In light of the apparent similarity of the legal theories in Counts One and Two, these claims may be duplicative and may represent a single cause of action for negligence—a matter left for another day.

114 S.E.2d 913, 918 (W. Va. 1960). Proximate cause is "that cause which in actual sequence, unbroken by any independent cause, produced the wrong complained of, without which the wrong would not have occurred." Syl. Pt. 3, in part, *Webb v. Sessler*, 63 S.E.2d 65 (W. Va.1950). These allegations permit the Court to draw a reasonable inference that Defendant Beam Team is liable for the misconduct alleged.

Accordingly, the Court **DENIES** Defendant Beam Team's motion to dismiss Count Four.

      3.    *Count Five*

Defendant Beam Team argues that Count Five should be dismissed because it fails to state a cause of action. (Docket 44 at 5.) Count Five is titled "Punitive Damages against Defendant Beam." (Docket 1-1 at 8.) The first paragraph reincorporates by reference all of the Complaint's preceding allegations. The remaining two paragraphs, in pertinent part, generally allege that Defendant Beam Team acted "knowingly, willingly, and intentionally" in performing the acts alleged in the preceding counts, "knowingly, willingly, and intentionally exposed the plaintiff and its other employees to substantial financial losses and grave risks to their health . . . ," and that Defendant, by acting in "callous disregard for its legal obligations and the rights of others" warranted an award of punitive damages. (*Id.* at 9.)

A separate cause of action for punitive damages is not recognized by the State of West Virginia. *Roney v. Gencorp*, 431 F. Supp.2d 622, 638 (S.D.W. Va.2006); *Miller v. Carelink Health Plans, Inc.*, 82 F. Supp.2d 574, 579 n. 6 (S.D.W.Va.2000) (citing *Cook v. Heck's Inc.*, 342 S.E.2d 453, 461 (W. Va 1986)); *see also Miller v. SMS Schloemann–Siemag, Inc.*, 203 F. Supp.2d 633, 639–640 (S.D.W. Va. 2002)("Although Count Four appears aimed solely at the recovery of punitive damages, such damages are not recognized under the law to express a separate cause of action");

*APS Food Sys. v. Ward Foods*, 70 A.D.2d 483 (N.Y.A.D. 1979); *Clemmons v. Insurance Co.*,163 S.E.2d 761 (N.C. 1968) ("As a rule you cannot have a cause of action for punitive damages by itself.").[3]

Thus, the Court **GRANTS** Defendant Beam Team's motion to dismiss Count Five as to all defendants.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Beam Team's motion to dismiss. The Court **DENIES** Defendant Beam Team's motion to dismiss Count One and Count Four and **GRANTS** its motion to dismiss Count Five.

Further, the Court **GRANTS** Plaintiff leave to amend his Complaint and **DIRECTS** that any

---

[3] Not withstanding dismissal of Count Five, Plaintiff may be entitled to punitive damages if the evidence were to support such a claim for relief. "[W]here there is an intentional wrong, or where there are circumstances which warrant an inference of malice, willfulness, or wanton disregard of the rights of others, punitive damages may be awarded." *George v. Norfolk & Western Railway Co.*, (W. Va.1917). "Punitive damages must bear a reasonable proportion to the compensatory damages assessed." *Id.* (citing *Spencer v. Steinbrecher*, 164 S.E.2d 710 (W. Va. 1968). By pleading Count V, and even though this count is dismissed on the basis that it is not a cause of action, Plaintiff has adequately pleaded punitive damages as a potential remedy.

amendment be filed within thirty days from entry of this Order.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    March 19, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE